SUSANA AND MARIANO CONESA BRAUN, ETC., Petitioners, *v.* DISTRICT COURT OF PUERTO RICO, PONCE SECTION, HON. HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent.

No. 1850.   Argued December 1, 1950.—Decided January 26, 1951.

*Aníbal Padilla* for petitioners. *José I. Fernández Segarra* for intervener.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

We granted certiorari to review the refusal of the lower court to grant, in an action for support, attorney's fees to the plaintiffs on the ground that the latter, under the circumstances herein, were not warranted in resorting to judicial action without first having requested such support directly from the defendant. We must therefore set forth the facts in detail and examine the circumstances of this case in the light of our decision in *Valdés* v. *District Court*, 67 P.R.R. 288.

On January 18, 1950 the minors, petitioners herein, Susana and Mariano Conesa Braun, represented by their mother with *patria potestas*, Gladys Braun, filed an action for support against their father Julio M. Conesa. After stating that the marriage between their parents had been dissolved in December 1949, that the conjugal property, which they estimated to be worth not less than $60,000, was in the hands of the defendant, pending the liquidation and division of said conjugal partnership, and that the defendant had a monthly income of approximately $1,000, they set forth their need for maintenance and support and prayed for judgment ordering the defendant to give them the amount

of $30 weekly for support, with costs and attorney's fees for the plaintiffs. On that same day they prayed for provisional support in the amount of $30 weekly, until final judgment was rendered in the action for support.

After the summons for the preliminary hearing to be held on the 26th of that same month had been issued, the parties stipulated that the hearing be postponed until the following February 8 on the ground that the defendant was out of town and his attorney needed adequate information in order to answer the complaint. Both hearings were consolidated to be held on the aforesaid date. Therein the parties notified the court that they were about to make a stipulation and applied for the continuance of the hearing. The court agreed and gave them 24 hours to file the stipulation referred to.

On February 23 a motion of the plaintiffs entitled "Motion on Compliance of Stipulation" was heard and overruled because the court deemed that not all that appeared in the stipulation draft submitted by the plaintiffs to the defendant had been agreed upon between them. On said occasion the defendant, ratifying what apparently had been his previous offer to compromise the suit by stipulation, prayed for judgment ordering him to pay $20 weekly for the support of his two plaintiff children. The children objected insisting that the amount for support be fixed in $30 weekly.

On March 14 next, after the hearing of the motion for provisional support, the lower court fixed said provisional support, by stipulation of the parties, in the sum of $25 weekly, retroactive to the date of the filing of the complaint. On the 29th of the same month, the day set for the trial on the merits, also by stipulation, it fixed the amount for support in the same sum of $25 weekly, with costs, "without including attorney's fees." The stipulation under which said judgment was entered with regard to the fees, as appears from the minutes in the record, was to the effect of leaving the fees to the sound discretion of the court. In denying

a motion for reconsideration requesting that the judgment be modified so as to include attorney's fees, the lower court stated that "it would be unreasonable to punish the defendant with the payment of the attorney's fees of the other party without the latter, previous to the filing of the complaint, having duly requested him to give said support, which act would have obviated the filing of the complaint and the costs of the suit," inasmuch as "the defendant practically acquiesced in this action for support from its beginning, and the plaintiff did not prove to the satisfaction of the court that she or any other person requested the defendant to give this support prior to the filing of the complaint."

We can not agree with the lower court that defendant's attitude since the commencement of the action for support on January 18, 1950 was one "practically" of consent to the claim contained in the complaint. Although the defendant, the intervener herein, was willing to pay $20 weekly for support, thus acknowledging the necessities of his minor children, the fact is that it was necessary to press the action thoroughly in order that finally, after agreeing to $25 weekly for provisional support, the minors could obtain, also in stipulation with the defendant, the same amount in the action for support. The defendant, even after the complaint was filed, insisted that he be only ordered to pay $20 weekly. Therefore, we must unavoidably reach the conclusion that he would have adopted the same attitude had he been previously requested by the mother of the minors to support his children, and that it would have been anyhow necessary to resort to judicial action in order to determine the amount for support, since a higher amount was claimed, and the filing of a complaint was necessary in order that the support could be given from the date of the filing of the complaint. The very attitude of the defendant acknowledging finally that his children needed more support leads us to the conclusion that the plaintiffs were not unreasonable in bringing the action, even though the defendant was not rash.

Hence, and since attorney's fees are a part of the support to which the minors are entitled under § 142 of the Civil Code, they are also entitled to their attorney's fees as part of such support, notwithstanding the fact that the defendant was not rash. *Valdés v. District Court, supra.*

The judgment involved herein rendered by the District Court of Ponce on March 29, 1950 must be set aside insofar as it excludes attorney's fees for the plaintiffs, and a pronouncement must be included instead for the payment of such fees in the amount determined by the lower court.

Mr. Justice Snyder did not participate herein.